## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KOLLIN, | : | Case No. 2:13-cv-000495 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | |
| v. | : | Magistrate Judge Preston Deavers |
| | : | |
| NORTH AMERICAN BUS INDUSTRIES, | : | |
| INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order") is entered into by and between plaintiff Christopher Kollin and defendant North American Bus Industries, Inc. (the "Parties"), to facilitate discovery in this action, without prejudice to, or waiver of, any rights that either Party may have to obtain information from the other Party or from any other person or entity not parties to this proceeding ("Third Parties").

WHEREAS, the Parties recognize that confidential documents and information may be sought, produced, or otherwise revealed in connection with this action. To preserve the confidentiality of such information, the Parties have collaborated to prepare this Protective Order.

WHEREAS, the Parties agree, and this Court finds, that certain information, documents, and things to be produced in this litigation should be kept confidential to protect the legitimate business interests or privacy rights of the Parties and/or Third Parties. The

Court, therefore, has determined that it is appropriate to enter this Protective Order for that purpose.

NOW, upon consideration of the Parties' stipulation and request for a protective order, it is hereby AGREED, ORDERED, ADJUDGED, and DECREED as follows:

## I. INTRODUCTION AND DEFINITIONS

1.    **Applicability.** The confidentiality provisions of this Protective Order will apply to all depositions, productions of documents, answers to interrogatories, responses to requests for admissions, responses to subpoenas, and other discovery taken in accordance with the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and any other information that a disclosing Party or Third Party may designate as protected in connection with this action.

2.    **Designations.** Confidential information produced by any Party or Third Party as part of discovery in this litigation may be designated by such Party or Third Party as (a) "Confidential" or (b) "Attorneys' Eyes Only" only under the terms of this Protective Order.

Parties receiving information that is disclosed or produced in the course of this civil action (whether designated "Confidential" or "Attorneys' Eyes Only" as hereinafter defined) will use such information solely for purposes of prosecuting or defending against the claims asserted in this action.

3.    **Confidential Information.** "Confidential" information means information that may be disclosed to the Parties for the purposes of the litigation, but which must be protected against disclosure to Third Parties (other than, in the case of information produced by a Third Party, such producing Third Party). It generally includes information in written, oral, electronic, graphic, audiovisual, or other form, whether it be a document, information

2

contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, that is designated as such by the producing Party: (a) that is information which is of a sensitive, personal, proprietary or otherwise confidential nature, including but not limited to individual person's medical history and social security number.; (b) that constitutes or contains a trade secret or other proprietary research, development, commercial information, business information, or personal information; or (c) the disclosure of which is likely to have the effect of harming the competitive position of the producing Party or Third Party, or which would violate an obligation of confidentiality to a third person, including a court.

4. **Attorneys' Eyes Only.** "Attorneys' Eyes Only" information means particularly sensitive Confidential information that may be disclosed for purposes of this litigation, but which must be protected against disclosure to anyone other than counsel for the respective Parties. It generally includes trade secrets, or similar information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the Party or Third Party holding the proprietary rights thereto, or might reasonably pose a commercial disadvantage to the producing Party or Third Party.

5. **Exceptions to Confidentiality Status.** Information will not be deemed protected, and the Parties will use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof is: (a) at the time of production or disclosure (or subsequently becomes), through no wrongful act or failure to act on the part of the receiving Party, generally available to the relevant public through publication or otherwise; or (b) disclosed to the receiving Party by a Third Party without breach of an obligation of

3

confidentiality; or (c) already in the possession of the receiving Party at the time of production through proper means.

## II. DESIGNATION AND IDENTIFICATION
## OF INFORMATION

6.    **Labeling of Documents.**  Information being designated as protected that is in documentary or other tangible form must be appropriately labeled by the producing Party or Third Party before production.  If a Party or Third Party inadvertently fails to label a document Confidential or Attorneys' Eyes Only, the producing Party or Third Party, upon discovery of its failure, will immediately inform the receiving Party that the document should be treated as Confidential (or Attorneys' Eyes Only).  Thereafter, the receiving Party will treat the document as Confidential (or Attorneys' Eyes Only), except that if the document was disclosed to a non-qualified person before the producing Party or Third Party determined that it should be designated Attorneys' Eyes Only, the document will be treated only as Confidential.

7.    **Designation of Other Disclosures.**  Except as described in paragraph 8, information being designated as protected that is not in documentary or other tangible form (or which cannot conveniently be labeled) must be designated or categorized by the producing Party or Third Party in a writing provided to the receiving Party at the time of production.

8.    **Designation of Deposition Testimony.**  The following procedures will be followed if protected information of a producing Party or Third Party is discussed or disclosed during deposition:

(a) The protected information will be designated as Confidential or Attorneys' Eyes Only at the request of counsel for the producing Party or Third Party (or, if the deponent

4

is a Third Party and is not represented at the deposition, at the request of such Third Party or of counsel for either Party).

(b) If a request under subparagraph (a) is made on the record during the deposition, the reporter will indicate on the cover page of the transcript that the transcript contains Confidential or Attorneys' Eyes Only information and, additionally, will identify the corresponding pages and line numbers of the transcript where such information appears.

(c) Alternatively, a request under subparagraph (a) may be made in writing within 20 days after the requesting counsel receives a copy of the deposition transcript. The request must identify, by pages and line, which portions of the deposition transcript are being designated as containing Confidential or Attorneys' Eyes Only information. The list will be set forth on one or more separate pieces of paper, the first of which will bear the caption of the action and identifying information about the deposition. The requesting counsel will insert the list before the cover page of the transcript and will mail or fax copies of the list to counsel for both Parties so that it may be affixed to the face of the transcript and each copy thereof.

## III. HANDLING OF PROTECTED MATERIAL

9.      **Handling of "Confidential" Material.** Information or material designated as "Confidential" (including copies, extracts, compilations, or summaries of such information) may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) the Court, judicial officials, and court personnel;

(b) inside or outside counsel of record for the Parties and their paralegal, clerical, secretarial, or service support staff specifically engaged in assisting in the preparation of this litigation;

5

(c) named Parties, including their employees and/or officers;

(d) experts or consultants (including their employees, associates and/or service support staff) specifically retained by the Parties to perform work in connection with the prosecution or defense of this litigation;

(e) the parties' insurance carriers that are providing coverage in connection with this litigation; and

(f) deponents, trial or hearing witnesses; and

(g) any other person designated by the Court after appropriate motion and hearing or agreed to by the Parties in writing.

10.     **Handling of "Attorneys' Eyes Only" Material.** Information or material designated as "Attorneys' Eyes Only" (including copies, extracts, compilations, or summaries of such information) may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) the Court, judicial officials, and court personnel;

(b) court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(c) inside or outside counsel of record for the Parties and their paralegal, clerical, secretarial, or service support staff specifically engaged in assisting in the preparation of this litigation;

(d) experts or consultants (including their employees, associates and/or service support staff) specifically retained by the Parties to perform work in connection with the prosecution or defense of this litigation;

6

(e) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information; and

(f) any other person designated by the Court after appropriate motion and hearing or agreed to by the Parties in writing.

11. **Prohibition on Disclosure of Protected Material to Non Party.** A Party will not disclose, summarize, describe, characterize, or otherwise communicate or make available in whole or in part information or material designated by the other Party as "Confidential" or "Attorneys' Eyes Only" to a Third Party; provided however, that nothing in this Order shall prevent the Parties from discussing the case in general with Third Parties as long as the Parties do not disclose "Confidential" or "Attorneys' Eyes Only" information.

12. **Acknowledgement.** Before any Party discloses protected material of an opposing Party to any person or entity in accordance with paragraphs 9 or 10, above, counsel for such Party will require that the recipient acknowledge and agree that he or she (and any entity he or she may represent) has read and understood this Protective Order, and agrees to be fully subject to and bound by its terms and conditions by executing the recital (in the form attached as Exhibit A hereto) appearing at the foot of this Protective Order; provided, however, that no such personal acknowledgement and agreement will be required for disclosures under paragraphs 9(a), 9(b), 10(a), or 10(b). Counsel for each Party receiving protected material must maintain copies of these executed acknowledgements.

13. **Filing of Protected Material.** The Parties recognize that any Party wishing to file documents under seal must obtain prior leave of Court, with good cause shown, for each document that is requested to be filed under seal.

7

14. **Disputes Concerning Designation.** If a Party disputes the designation, by the other Party or by a Third Party, of any material as Confidential or Attorneys' Eyes Only information, the Parties will try to resolve by agreement whether, or on what terms, the material is entitled to protected treatment. If they cannot resolve their dispute, counsel for the Party or Third Party claiming that the material is protected may file an appropriate motion with this Court seeking an order determining that the material is entitled to protection under this Protective Order. The burden is upon the Party or Third Party claiming that such material is protected to demonstrate that such designation is proper. Until the dispute is resolved through consent or court order, the material will be treated according to its designation.

## IV. OTHER PROVISIONS

15. **Modification of this Order.** Nothing in this Protective Order will prevent the Court, sua sponte, or any Party from moving to modify the terms of this Protective Order upon good cause shown.

16. **Party's Own Information.** Nothing in this Protective Order will prevent any Party from using or disclosing its own protected material in any manner it sees fit, without prior consent of opposing counsel or the Court. However, if any Party uses its own material or discloses its own material to Third Parties in a way that is inconsistent with that Party's designation of the material as protected material under this Protective Order, the other Party may move for an order determining that such material is not entitled to be treated as confidential under this Protective Order.

17. **No Waiver or Admission.** By agreeing to the procedures in this Order, the parties do not waive any legal right or privilege applicable to either the Confidential Information or Attorney's Eyes Only Information or to any other request of, or discovery

8

procedure available to, the Parties to this action. Further, inadvertent disclosure of any

privileged document in the course of discovery in this action shall not constitute waiver of any

applicable legal right or privilege. In the case of any such inadvertent disclosure of privileged

documents, the receiving Party shall, immediately upon becoming aware of the disclosure, or,

if unaware of disclosure, within five (5) business days of receipt of a written request by the

producing Party, return the original to the producing Party, destroy all copies thereof, as well

as all notes, memoranda or other documents that summarize, discuss, or quote the document,

and delete any copy of the document, or any portion thereof, from any word processing

database, tape, or disk it maintains. Return of a document over which the producing Party has

asserted a claim of privilege, protection, or immunity under this paragraph shall be without

prejudice to the receiving Party's right to seek an order from the Court directing the

production of the document on the ground that the claimed privilege, protection, or immunity

is invalid or inapplicable; provided, however, that mere production of the document or

information in the course of this action shall not constitute grounds for asserting waiver of the

privilege, protection, or immunity. Further, compliance with the terms of this Protective Order

will not operate as an admission that any particular document is or is not (a) confidential, (b)

privileged, or (c) admissible in evidence at trial. Finally, this Protective Order is entered

without prejudice to any right of a Party to make lawful use of any information or material

lawfully obtained apart from discovery.

  **18. Subpoenas or Court Orders.** It will not be deemed a violation of any of the

terms of this Protective Order for a Party to produce information in response to a subpoena or

order of any court or governmental agency that requires production of material or information

obtained under the terms of this Protective Order, provided that (a) such Party will promptly

9

notify the Party or Third Party who originally designated the information requested as protected material, and (b) said notification will be made prior to making production pursuant to the subpoena or order.

19.    **Survival of Protective Order; Return of Protected Material.** This Protective Order will survive the termination of this action and will continue in full force and effect thereafter. Documents designated as protected material (and all copies, extracts, summaries or compilations made or taken or derived therefrom) will be returned to the undersigned counsel for the Party or Third Party that produced the documents or destroyed 60 days after this action is finally resolved by judgment or settlement or otherwise and all appeal periods have been exhausted, with the exception that no pleading files, depositions, correspondence files, or other similar attorney work product and attorney-client privilege files and documents need be dismantled in order to return confidential information and documents at the conclusion of the case. Upon request, each Party will provide an affidavit certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed. In lieu of returning or destroying said Confidential Information, counsel certifies, through his/her signature on this Order, that all reasonable precautions will be taken to ensure against disclosure of the Confidential Information after the termination of this action (including appeals). Nothing in this Order shall require return or destruction of Confidential Information containing or reflected in attorney work product if such work product is maintained by counsel in strict confidence.

20.    **Violation of Protective Order.** Upon entry of this Protective Order as an Order of Court, any person or entity that violates the terms of this Protective Order is subject to punishment by the Court, either upon the Court's own motion or by motion of any Party.

10

Any person or entity who receives or reviews protected material expressly waives any objection that he might have to the Court's exercise of personal jurisdiction over him/her/it, and further expressly waives any challenges to venue in this forum for purposes of this Court's enforcement of this Protective Order and/or punishment or redress of violations thereof.

   **21.    Independent Investigations.** Nothing in this Protective Order will be deemed to prevent the Parties' counsel as part of their discovery and investigation in this action from questioning, to the extent permitted by the Federal Rules of Civil Procedure, any person who might reasonably be expected to have knowledge or information about topics that are referenced in any protected material with respect to their knowledge of such topics. However, counsel will not ask questions that would disclose the contents of protected material or otherwise disclose protected information except as provided in this Protective Order.

   22.    Counsel should attempt to minimize the filing of any exhibits under seal.

SO ORDERED, THIS ____ DAY OF APRIL, 2014.


                                          _____
                                          MAGISTRATE JUDGE PRESTON
                                          DEAVERS


AGREED ON BEHALF OF THE PARTIES THIS 18TH DAY OF APRIL, 2014.


REVIEWED AND APPROVED BY:

/s/ Rayl L. Stepter
Rayl L. Stepter (0047505)
  *Trial Attorney*
Stepter Law Office
200 East Campus View Blvd., Suite 200
Columbus, Ohio 43235

11

(614) 468-4100 (phone)
(614) 468-4101 (fax)
raylstepter@stepterlaw.com

*Attorney for Plaintiff Christopher Kollin*

/s/  *Scott A. Campbell*
Scott A. Campbell  (0064974)
*Trial Attorney*
Thompson Hine LLP
41 South High Street, Suite 1700
Columbus, Ohio  43215-3435
(614) 469-3311(phone)
(614) 469-3361 (fax)
Scott.Campbell@ThompsonHine.com

*Attorney for Defendant North American Bus Industries, Inc.*

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KOLLIN, | : | Case No. 2:13-cv-000495 |
| | : | |
| Plaintiff, | : | District Judge Michael H. Watson |
| | : | |
| v. | : | Magistrate Judge Preston Deavers |
| | : | |
| NORTH AMERICAN BUS INDUSTRIES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ACKNOWLEDGMENT AND CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that: I have received a copy of the foregoing Protective Order entered in the above captioned matter; I have carefully read and understand the provisions of the Protective Order; I am fully subject to and bound by the terms and conditions thereof; and that I agree to abide by all of the requirements and restrictions contained therein.

DATE: _____

_____
Printed Name

_____
Signature

_____
Address

_____
City/State/Zip